THE STATE OF OHIO, APPELLEE, *v.* AIRWAY DISTRIBUTORS, APPELLANT.

(No. 1310—Decided December 30, 1986.)

Craig S. Albert, prosecuting attorney, and Mark B. Marein, for appellee.

Thomas G. Kelley and Paul T. Kirner, for appellant.

COOK, J. On December 2, 1983, appellant, Airway Distributors, and one Randy Patterson were indicted on two counts of trafficking in counterfeit controlled substances (R.C. 2925.37). Appellant, through its statutory agent, Patterson, and Patterson entered pleas of not guilty. The cases against appellant and Patterson were consolidated for trial to the court.

At trial, after the prosecution presented its case, appellant moved for acquittal, which motion was denied. After the trial, the court dismissed the first count of the indictment but found both defendants guilty as to the second count. Both defendants were sentenced.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1. The court committed error when it convicted appellant in the absence of any probative evidence that pursuant to Ohio Revised Code Section 2901.234 [*sic,* 2901.23(A)(4)] that it

authorized the sale of any counterfeit controlled substance.

"2. The court committed error when it convicted appellant, when the state of Ohio failed to prove the defendant to be a viable corporation as of the date of the alleged offense."

The assigned errors are without merit.

Count Two of the indictment reads:

"SECOND COUNT: The said Randy Patterson and Airway Distributors on or about November 1983, at Chardon, Geauga County, Ohio, did knowingly sell or offer to sell a substance that they knew was a counterfeit controlled substance to and in violation of R.C. 2925.37(B), Trafficking in Counterfeit Controlled Substances, and said act being a felony of the fourth degree."

R.C. 2925.37(B) provides:

"(B) No person shall knowingly make, sell, offer to sell, or deliver any substance that he knows is a counterfeit controlled substance."

R.C. 2901.23(A)(4) provides:

"(A) An organization may be convicted of an offense under any of the following circumstances:

"* * *

"(4) If, acting with the kind of culpability otherwise required for the commission of the offense, its commission was authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment."

According to the testimony of Sergeant Daniel Shipek of the Geauga County Sheriff's Department, posing as one Michael Ness, he phoned appellant, Airway Distributors, and talked to a "young lady" and ordered a quantity of "brown and clears" pills. The pills were sent C.O.D. to the post office where Sergeant Shipek picked them up. Shipek later testified that the pills were consistent with the drug "brown and clears" sold on the street.

Appellant first contends that there was no evidence that it authorized the sale of any counterfeit controlled substance. It argues that the "young lady" Shipek talked to on the phone could have been someone who did not work for Airway Distributors.

However, Shipek testified that he obtained a flyer of Airway Distributors' which had its telephone number on it. The flyer advertised "brown and clears," as well as other descriptive color pills for sale in quantity. He further testified he called the number on the flyer and a "young lady" answered the phone with the greeting, "Airway Distributors." He ordered a quantity of "brown and clears" pills, was informed of the cost and was told that he could pay for them C.O.D. at the post office. He picked the pills up at the post office and paid for them. Richard H. Kent, Forensic Chemist of the Lake County Regional Forensic Laboratory, identified the pills as counterfeit controlled substances.

Thus, there was probative evidence that appellant authorized the sale of a counterfeit controlled substance.

Appellant's second contention is that the state failed to prove that appellant was a viable corporation as of the date of the alleged offense.

However, the state introduced appellant's articles of incorporation which indicated it was incorporated in July 1983. The state also offered evidence that, as of October 26, 1983, appellant was advertising its products, business address and telephone number. The evidence also was to the effect appellant, as of that date, was accepting and processing orders for "brown and clears" pills.

We conclude the state proved ap-

pellant was a viable corporation on the date of the alleged offense.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and FORD, J., concur.